**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MID-AMERICA CARPENTERS REGIONAL )
COUNCIL PENSION FUND, MID-AMERICA )
CARPENTERS REGIONAL COUNCIL HEALTH )
FUND, MID-AMERICA CARPENTERS )
REGIONAL COUNCIL SUPPLEMENTAL )
RETIREMENT FUND AND MID-AMERICA )
CARPENTERS REGIONAL COUNCIL APPRENTICE )
AND TRAINEE PROGRAM )
          )    CIVIL ACTION
          )
          Plaintiffs,  )    Case No.
          )
    v.          )
          )
INTERIOR BUILDING COMPANY,  )
          )
          Defendant.  )

**<u>COMPLAINT</u>**

Now come Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant Interior Building Company and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and Trainee Program (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Mid-America

Carpenters Regional Council, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.      Interior Building Company is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay benefit contributions to the Trust Funds.

4.      The Collective Bargaining Agreement also binds Interior Building Company to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5.      Defendant Interior Building Company is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Interior Building Company is required to make contributions to the Trust Funds measured by the hours worked by carpentry subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6.      Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Interior Building Company is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7.      Interior Building Company breached the provisions of the Collective Bargaining Agreement by failing to provide access to all of the records requested by the Trust Funds' auditors to determine whether Interior Building Company made the proper hourly benefit contributions for the period of July 1, 2022 through June 30, 2024.

8.      The Plaintiffs are also concerned that Construction Connect Inc. is a potentially related entity that may be bound to Defendant Interior Building Company's collective bargaining agreement through a single employer theory.  The Plaintiffs will issue subpoena duces tecum to obtain the documents necessary to confirm or discredit these concerns.

9.      Plaintiffs have been required to employ the undersigned attorney to compel the production of the documents necessary to determine whether Interior Building Company made the proper hourly benefit contributions.

10.      Interior Building Company is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

11.      According to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g), Interior Building Company is obligated to pay any benefit contributions owed to the Trust Funds, as well as liquidated damages and interest.

12.      Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of (a) double interest; or (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A.      That Defendant Interior Building Company be ordered to produce the records necessary to determine whether Interior Building Company made the proper hourly benefit contributions for the period of July 1, 2022 through June 30, 2024;

B.      That Defendant Interior Building Company be ordered to pay any benefit contributions owed by the Defendant to the Trust Funds;

C.      That Defendant Interior Building Company be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs;

D.      That Defendant Interior Building Company be ordered to pay liquidated damages and interest on the benefit contributions owed by the Defendant to the Trust Funds.

E.      That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,
MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND et al.

s/Travis J. Ketterman

By: _____

TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com
June 10, 2026